## United States District Court
## Central District of California

JS-3

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**  2:25-cr-00123-AB-2 |

**Defendant**   Mustapha Nkachiwouo Selly Yamie

akas:  Mustapha Nkachiwouou, Yamie, Selly Yamie, Mustapha N

**Social Security No.**  5  1  9  8
(Last 4 digits)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

|  | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 6 | 17 | 2026 |

**COUNSEL**    **Ambrosio Eduardo Rodriguez, Retained**
(Name of Counsel)

**PLEA**    [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.    [ ] **NOLO CONTENDERE**    [ ] **NOT GUILTY**

**FINDING**    There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**Count 1: Conspiracy to Commit Money Laundering 18 U.S.C. § 1956(h), 18 U.S.C. § 1956(a)(1)(B)(i) of the Single Count Indictment.**

**JUDGMENT AND PROB/ COMM ORDER**

The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: **Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Mustapha Nkachiwouo Selly Yamie, is hereby committed on Count 1 of the Single Count Indictment to the custody of the Bureau of Prisons for a term of 80 MONTHS.**

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

It is ordered that the defendant shall pay restitution in the total amount of $10,459,571.87 pursuant to 18 U.S.C. § 3663A.

The amount of restitution ordered shall be paid as set forth on the list attached to this judgment.

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least 10% of defendant's gross monthly income but not less than $500, whichever is greater, shall be made during the period of supervised release and shall begin 90 days after the commencement of supervision. Nominal restitution payments are ordered as the Court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in the judgment.

The defendant shall be held jointly and severally liable with co-defendants, Sylas Nyuydzene Verdzekov and Lovert Che (Docket No. CR-25-123) for the amount of restitution ordered in this judgment. The victim's recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall comply with Second Amended General Order No. 20-04.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not

USA vs.    Mustapha Nkachiwouo Selly Yamie                                Docket No.:    2:25-cr-00123-AB-2

likely to become able to pay any fine.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 YEARS under the following terms and conditions:

1.  The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

2.  During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

3.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

4.  The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

5.  During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the U.S. Probation and Pretrial Services Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs. The defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

6.  As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision.  The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required.

7.  The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport, or any other form of identification in any name, other than the defendant's true legal name, nor shall the defendant use, any name other than the defendant's true legal name without the prior written approval of the Probation Officer.

8.  The defendant shall cooperate in the collection of a DNA sample from the defendant.

9.  The defendant shall submit the defendant's person, property, house, residence, vehicle, papers, computers, cell phones, other electronic communications or data storage devices or media, email accounts, social media accounts, cloud storage accounts, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

10. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments, and any other financial gains to the Court-ordered financial obligation.

11. Defendant shall possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that have been disclosed to the Probation Officer upon commencement of supervision.  Any new devices, accounts, applications, passwords, or passcodes are to be disclosed to the Probation Officer prior to the first use.  A digital device is any electronic system or device that can access, view, obtain, store, or transmit digital data related to email accounts, financial accounts, and social media accounts.

12. All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search, seizure, and computer monitoring.  This shall not apply to items used at the employment site that are maintained and monitored by the employer.

13. Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  As determined by the Probation Officer, the defendant shall pay the cost of the Computer Monitoring Program in accordance with the defendant's ability to pay.  If the defendant has no ability to pay, no payment shall be required.

14. The defendant shall not commit any violation of local, state, or federal law or ordinance.

USA vs.   Mustapha Nkachiwouo Selly Yamie                    Docket No.:   2:25-cr-00123-AB-2

15. The defendant shall comply with the immigration rules and regulations of the United States, and if deported from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation & Pretrial Services Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of Courtordered supervision, the defendant shall report for instructions to the United States Probation Office located at: the 300 N. Los Angeles Street, Suite 1300, Los Angeles, CA 90012-3323.

16. The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving loan programs, telemarketing activities, investment programs or any other business involving the solicitation of funds or cold calls to customers without the express approval of the Probation Officer prior to engaging in such employment.  Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists, and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer.

The Court authorizes the Probation & Pretrial Services Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency.  Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

Defendant informed of his right to appeal.

The Court recommends the defendant be placed in a Bureau of Prisons facility located in Southern California.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

June 17, 2026
Date

U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

June 17, 2026
Filed Date

By   /s/ E. Chun
Deputy Clerk

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

USA vs.    Mustapha Nkachiwouo Selly Yamie                         Docket No.:    2:25-cr-00123-AB-2

1.  The defendant must not commit another federal, state, or local crime;

2.  The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;

3.  The defendant must report to the probation office as instructed by the court or probation officer;

4.  The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;

5.  The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;

6.  The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;

7.  The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;

8.  The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;

9.  The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;

10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;

13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;

14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

USA vs.    Mustapha Nkachiwouo Selly Yamie                    Docket No.:    2:25-cr-00123-AB-2

☐    The defendant must also comply with the following special conditions (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid):
    Non-federal victims (individual and corporate),
    Providers of compensation to non-federal victims,
    The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

### CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS

As directed by the Probation Officer, the defendant must provide to theProbation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs.   Mustapha Nkachiwouo Selly Yamie                    Docket No.:   2:25-cr-00123-AB-2

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____          Deputy Marshal
Date

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____          Deputy Clerk
Filed Date

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
             Defendant                                    Date

_____          _____
U. S. Probation Officer/Designated Witness          Date

12

| Victim | Restitution Amount |
| --- | ---: |
| Abbe S Leavitt/Dayna M Leavitt | 50,000.00 |
| Amber Biss | 18,000.00 |
| Anne Bergsman | 976,040.00 |
| Annie Simpson Simmons | 100,000.00 |
| Barbara Murphy | 310,000.00 |
| Beth D. Buckman | 29,650.00 |
| Beth R Bridges | 99,000.00 |
| Bruce W Orriss | 49,000.99 |
| Carol Ann Dudley | 21,500.00 |
| Carole Janice Henrichsen | 144,780.00 |
| Church of God by Faith Inc | 16,500.00 |
| Claire Apicella | 23,000.00 |
| Clare H Ishizaki | 65,000.00 |
| Daniel L Dugas | 122,000.00 |
| David Cullen | 43,420.00 |
| Debra Anderson | 23,500.00 |
| Dennis Charles Follensbee | 29,900.00 |
| Dovie L Spear | 105,000.00 |
| Duane C Romanello, P.A. | 42,681.41 |
| Elenore Welles | 42,000.00 |
| Elizabeth A Beckham | 34,800.00 |
| Elizabeth A Minassian | 94,300.00 |
| Ellen Germanos | 98,500.00 |
| Evelyn Marvic | 49,898.99 |
| Francis and Jeanne Tobin | 30,000.00 |
| Garland Archer | 58,000.00 |
| Gerard J Mahlman | 79,800.00 |
| Glen Rhodes | 47,000.00 |
| Heidy H Hanson | 25,940.00 |
| Helen E Johnson | 191,000.00 |
| Helen S Hu | 940,500.00 |
| Helene C Kingsbury | 58,934.63 |
| Housesmith Title Group LLC (Fargo Enterprises LLC purchase of Land) | 635,549.51 |
| Jane Brickman | 191,250.00 |
| Jeff Mullins / Gardner Tanenbaum / RT Development, LLC | 10,360.00 |
| John M Early | 32,000.00 |

13

| | |
|---|---:|
| Joseph Sickinger | 20,000.00 |
| Judy Gornbein | 649,460.00 |
| Julia J Mcelroy & Michael Mcelroy | 10,000.00 |
| Julio Castaneda | 96,500.00 |
| Kathleen M Heeter | 150,000.00 |
| Keith Lambert | 45,000.00 |
| Kuai Kui Group Investment Company (Keikei Kok) | 40,130.00 |
| Laraine Odgen | 11,000.00 |
| Lary A Hansen | 57,899.00 |
| Laura Belanger | 79,650.01 |
| Laurie Jean Desio | 15,000.00 |
| Leslie H Aoki | 72,000.00 |
| Lillian K Eldred | 50,000.00 |
| Lisa Stafford Setz | 10,000.00 |
| Lonnie L Dias/Shirley Edgell-Dias | 31,000.00 |
| Lorraine Tamaribuchi | 15,000.00 |
| Louise Rossi | 45,000.00 |
| Luci Kauinui | 0.00- |
| Margaret Whitney | 231,000.00 |
| Marilon Williams | 144,000.00 |
| Mark A Dirasian | 32,000.00 |
| Martin J Hebda | 156,000.00 |
| Mary Ann Montoya | 70,000.00 |
| Mary J Luchtel | 50,000.00 |
| Maureen M Muhlenforth and Gary R Ruth | 20,000.00 |
| Megan Gohring & Monteith Title | 107,194.86 |
| Michael Fazio | 28,000.00 |
| Michael J Daniell | 499,650.00 |
| Michael Zehnder | 47,000.00 |
| Mingfei Xie | 93,000.00 |
| NG Khoon Cheah (Huang Kunjie) | 1,500.00 |
| Pamela J Rudy | 78,500.00 |
| Patsy Ann Weatherly | 12,000.00 |
| Paula Edelstein | 199,400.00 |
| Peggy L Hinds | 231,426.00 |
| Ralph Ahner | 20,000.00 |
| Regina DeSanto | 30,050.00 |

14

| | |
|---|---:|
| Rex Potter | 43,000.00 |
| Rheba Hardin | 10,000.00 |
| Richard A Worden | 48,500.00 |
| Riley Pope & Laney LLC | 240,988.35 |
| Robert & Joan Bales | 50,000.00 |
| Robert A Shertick Sr. | 59,300.00 |
| Robert Broadwater | 94,500.00 |
| Robert Likes | 40,000.00 |
| Robert Michelson | 139,000.00 |
| Robert Sherman | 79,650.00 |
| Robert W Katz | 93,119.00 |
| Roger A Schmidt | 50,000.00 |
| Ronald Nelson | 49,200.00 |
| Samuel Sami Howard | 42,000.00 |
| Sara Cherrington | 28,000.00 |
| Sheila Markbreiter | 60,000.00 |
| Sitafa J T Hendrickson | 8,950.00 |
| Stella M. Vera | 20,000.00 |
| Teresa Henson | 250,000.00 |
| Thelma Leemans | 456,014.00 |
| Tiago Title LLC | 85,819.73 |
| Udine & Udine PA - (Micheal David McDonough) | 63,962.52 |
| Vera Blinn Reber | 20,000.00 |
| Vicki L Williamson | 32,000.00 |
| Williams J Peters | 6,000.00 |
| Willingham Title LLC - Vera Mitchell | 52,402.87 |
| **Grand Total** | **10,459,571.87** |